IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                                                 PETITIONER

VERSUS                             CIVIL ACTION NO. 5:09cvcv198-DCB-MTP

LISA CHISOLM, et al.                                                RESPONDENTS

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Institute, Yazoo City (FCI-Yazoo), Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on November 20, 2009, and has been granted *in forma pauperis* status. The named respondents are Lisa Chisolm, Bruce Pearson, Skipper Scott, Barack Obama, Eric Holder, Harley Lappin, DSCC Administrator, Designator, Denise Brewer, Walter Harris, Patricia R. Stansberry, Larry Randle, Julie Southerland, and K. Everett. As relief, the petitioner is requesting that this Court direct the Bureau of Prisons (BOP) to correct his classification, hold an evidentiary hearing, and release the petitioner from unlawful confinement.

<u>Background</u>

In the instant petition for habeas relief pursuant 28 U.S.C. § 2241, petitioner is challenging his custody classification.[1] Petitioner's ground for habeas relief is as follows:

> The BOP improperly classified Petitioner 409 Forms and in his custody classification form in violation of Due Process and Equal Protection contained in the Fifth Amendment.

(Pet. [1] p.4).

---

[1] Petitioner states in the petition that he was found guilty by a jury of violating 18 U.S.C. § 1341 (mail fraud) and money laundering in the United States District Court for the Western District of Pennsylvania.

Petitioner complains that his inmate record contains a statement that he has "an extensive history of manipulative behavior to include attempting to fraudulently review the 'FOI Exempt' section of his central file and having personal knowledge of a warden's personal information at a previous institution" which he asserts is erroneous. (Pet. [1] p.4). Because of this erroneous information, he has received a Greater Security Management Variable being applied to his classification status. Petitioner further argues that the respondents did not use similar information to classify black and white inmates, but used such information for the petitioner because he is classified as an American Indian. Therefore, the petitioner argues that the respondents are discriminating against him because he is an American Indian when they allegedly used "false and unadjudicated [sic] information" which was allegedly incorrect in assigning his custody classification.

## Analysis

As an initial matter, this Court finds that the proper party respondent is the petitioner's custodian, Bruce Pearson, Warden - FCI Yazoo, where the petitioner is presently incarcerated. *See* 28 U.S.C. § 2243. Since the petitioner is housed in a facility where this Court has jurisdiction over his custodian, he may file such a habeas request in this district court.

The petition presently before this Court concerns petitioner's custody classification. A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). For the reasons set forth below, petitioner cannot maintain the instant § 2241 petition for habeas relief.

The general complaint concerning his custody classification is not properly before this Court as a § 2241 habeas. This claim is not challenging the Bureau of Prisons' execution or calculation of his federal sentence and does not have any impact on the fact or duration of his confinement. Under the allegations of this claim, this Court finds that he is challenging a condition of his confinement at FCI-Yazoo, *i.e.* his custody classification.[2] Therefore, this claim filed pursuant to 28 U.S.C. § 2241 is dismissed with prejudice as frivolous and as for his conditions of confinement claim of classification it is dismissed without prejudice so that he may properly present it in a non-habeas proceeding.[3]

## Sanctions warning

This Court finds that the petitioner is well aware that a habeas petition pursuant to 28 U.S.C. § 2241 is not the proper action to file when he is challenging conditions of confinement. In fact, this Court finds that the petitioner was warned in *Banks v. Wright*, 5:07cv193-DCB-MTP (S.D. Miss. Nov. 13, 2007), that his continued filing of petitions for habeas relief pursuant to 28 U.S.C. § 2241 challenging the conditions of his confinement could result in the imposition of sanctions. Since the decision in *Banks v. Wright*, 5:07cv193-DCB-MTP (S.D. Miss. Nov. 13,

---

[2] This Court finds that the petitioner has previously filed a petition for habeas relief pursuant to 28 U.S.C. § 2241 relating to a claim that he has been incorrectly classified which was dismissed by a Final Judgment on July 10, 2009. *See Banks v. Pearson*, 5:08cv153-DCB-MTP (S. D. Miss. Jul. 10, 2009).

[3] This Court finds that the petitioner has filed his claim concerning the incident reports as a petition for habeas relief § 2241 instead of a *Bivens* action because he has received three-strikes under 28 U.S.C. § 1915(g) and is now required to pay the filing fee of $350.00 to pursue a Bivens action challenging the conditions of his confinement unless he can meet the exception to 28 U.S.C. § 1915(g). *See Banks v. Duckworth*, civil action 5:07cv214-DCB-MTP (S.D. Miss. March 14, 2008) (Order [3] entered 12/7/07).

2007), this Court finds that the petitioner has filed four additional civil actions, not including the instant petition, which were found to concern his conditions of confinement, not the execution or calculation of his sentence .[4]  Therefore, this Court has determined that the petitioner's continued filing of civil actions pursuant to § 2241 that clearly relate to his conditions of confinement is a abuse of the writ and is malicious.  Hence, petitioner is warned that any future attempts of a similar nature will lead to the imposition of sanctions, including but not limited to monetary fines or restrictions on petitioner's ability to proceed in *pro se* actions in this Court.

## Conclusion

For the reasons discussed above, this cause filed pursuant to 28 U.S.C. § 2241 will be dismissed with prejudice as frivolous and his conditions of confinement claim is dismissed without prejudice so that the petitioner may pursue that claim in the proper manner.

A separate Final Judgment will be entered in the instant case.

SO ORDERED this the      9th      of February, 2010.


  s/ David Bramlette
UNITED STATES DISTRICT JUDGE

---

[4]*Banks v. Reese*, 5:07cv34-DCB-MTP (S.D. Miss. May 4, 2007), *aff'd*, no. 07-60410 (5th Cir. Apr. 15, 2008).
*Banks v. Reese*, 5:07cv172-DCB-MTP (S.D. Miss. Nov. 14, 2007).
*Banks v. Dalton*, 5:07cv183-DCB-MTP (S.D. Miss. Nov. 16, 2007).
*Banks v. Wright*, 5:07cv193-DCB-MTP (S.D. Miss. Nov. 13, 2007).
*Banks v. Reese*, 5:08cv12-DCB-MTP (S.D. Miss. Jan. 30, 2009).
*Banks v. Pearson*, 5:08cv153-DCB-MTP (S.D. Miss. Jul. 10, 2009).
*Banks v. Obama*, 5:09cv74-DCB-MTP (S.D. Miss. Aug 6, 2009).
*Banks v. Obama*, 5:09cv158-DCB-MTP (S.D. Miss. Oct. 21, 2009).